UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA    :    SEALED
                                  SUPERSEDING
        - v. -              :    INDICTMENT

JONATHAN FELIZ,             :    S10 09 Cr. 195 (GBD)
        a/k/a "Sweet Pea,"
        a/k/a "Snoop,"      :
LOUINSKY MINIER,
        a/k/a "Jayshawn,"   :
AMANTINO RAMOS,
        a/k/a "Sco,"        :
SHAYNA ROSER,
        a/k/a "Snow White," :
JUAN PARADAS,
        a/k/a "Borracho,"   :
        a/k/a "Borrachito," :
        a/k/a "Johnny,"     :
JASMINE TORO,
        a/k/a "Jazzy,"      :
GIL GARRIS,
        a/k/a "Spec,"       :
RUDY SANTANA,
        a/k/a "Gordo,"      :
MARCO RODRIGUEZ,
        a/k/a "Black,"      :
ALBERTO MONTILLA,
        a/k/a "Clue,"       :
JONAS COLON,
        a/k/a "Shooter,"    :
HUBERT RODRIGUEZ,
        a/k/a "Biyego,"     :
        a/k/a "BG,"
YASHUA TORRES,              :
        a/k/a "Jiggy,"
        a/k/a "Jiggety,"    :
        a/k/a "Jigga,"
EDWIN ESPINAL,             :
        a/k/a "Nerd,"
JONATHAN DANIEL NARVAES,    :
        a/k/a "JD,"
GABRIEL ABREU,             :
        a/k/a "Weezy,"
JOHASSON GOMEZ CHONG,       :
        a/k/a "Skinny,"
JOSE RODRIGUEZ,             :
        a/k/a "Jay Jay,"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/10

```
JOREL AGUIRRE,                          :
MARVIN LOPEZ,
     a/k/a "Joker,"                     :
WILLIAM PEREZ,
     a/k/a "Rico,"                      :
ALDO PEREZ,
KERVIN JAQUEZ,                          :
     a/k/a "Kurve,"
ELVIN SARITA,                           :
     a/k/a "Dre,"
KELVIN COMPRES,                         :
JORDAN PENA,
EDDY PENA,                              :
     a/k/a "Eddie Jones,"
ARCHI GUZMAN,                           :
FERNANDO FELIZ, and
MARLON FELIZ,                           :

               Defendants.             :

- - - - - - - - - - - - - - - - - - X
```

## THE RACKETEERING VIOLATIONS

## COUNT ONE

The Grand Jury charges:

## THE ENTERPRISE

1.   At all times relevant to this Indictment, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, were members of a criminal organization (the "Washington Heights Marijuana Organization," "WHMO," or the "Enterprise") whose members and associates engaged in, among other activities, narcotics trafficking, murder, and attempted

2

murder.  The WHMO operated primarily in the Washington Heights neighborhood of Upper Manhattan, in New York City.

2.    The Washington Heights Marijuana Organization, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The WHMO was engaged in, and its activities affected, interstate and foreign commerce.

3.    JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," RUDY SANTANA, a/k/a "Gordo," and ALBERTO MONTILLA, a/k/a "Clue," the defendants, were leaders and members of the Enterprise who directed other members of the Enterprise in carrying out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.  FELIZ, MINIER, RAMOS, SANTANA, and MONTILLA, the defendants, and others known and unknown, participated in the operation and management of the Enterprise.

<u>PURPOSES OF THE ENTERPRISE</u>

4.    The purposes of the enterprise included the following:

3

a.    Enriching the members and associates of the enterprise through, among other things, the distribution and sale of narcotics, including marijuana.

b.    Preserving and protecting the power, territory, and profits of the enterprise through murder, attempted murder, other acts of violence, and threats of violence.

c.    Promoting and enhancing the enterprise and the activities of its members and associates.

<u>MEANS AND METHODS OF THE ENTERPRISE</u>

5.    Among the means and methods employed by the members and associates of the Washington Heights Marijuana Organization in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.    Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the enterprise's criminal operations, including the wholesale and retail distribution of marijuana.

b.    Members and associates of the enterprise used threats of violence and physical violence, including murder and attempted murder, against various people involved in the illegal narcotics business, including in particular rival narcotics traffickers, competitors, and individuals who stole narcotics

4

proceeds from the enterprise, in order to further the enterprise's narcotics trafficking activities.

        c.    Members and associates of the enterprise operated a narcotics business that distributed large quantities of marijuana.

        d.    Members and associates of the enterprise sold narcotics, including marijuana.

<u>THE RACKETEERING VIOLATION</u>

        6.    From at least in or about 2004, up to and including in or about 2009, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the Washington Heights Marijuana Organization, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

## THE PATTERN OF RACKETEERING ACTIVITY

7.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

### Racketeering Act One: Conspiracy to Murder and Attempted Murders of Skeilin Camacho, a/k/a "KK"

8.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

a.   **Conspiracy to Murder Skeilin Camacho, a/k/a "KK"**

From in or about 2006, up to and including in or about 2008, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," the defendants, and others known and unknown, unlawfully, willfully, and knowingly conspired to murder Skeilin Camacho, a/k/a "KK," in violation of New York Penal Law, Sections 105.15 and 125.25, in that, with the intent to cause the death of Camacho, FELIZ, MINIER, and RAMOS, and others known and unknown, agreed together and with each other to engage in or cause the performance of such murder.

### Overt Acts

(i)   On or about September 25, 2006, MINIER called a co-conspirator not named as a defendant herein ("CC-1") and

6

told CC-1 that Camacho was in the vicinity of 162nd Street and Broadway, in New York, New York.

(ii) On or about September 25, 2006, CC-1, and others known and unknown, shot and attempted to murder Camacho in the vicinity of 162nd Street and Broadway, in New York, New York.

(iii)    On or about November 23, 2006, FELIZ, MINIER, RAMOS, CC-1, and others known and unknown, shot and attempted to murder Camacho in the vicinity of 162nd Street and Broadway, in New York, New York.

(iv) On or about August 26, 2008, two co-conspirators not named as defendants herein ("CC-2" and "CC-3"), and others known and unknown, kidnaped and shot Camacho in the vicinity of 162nd Street and Broadway, in New York, New York.

        b. <u>September 25, 2006 Attempted Murder of Skeilin Camacho, a/k/a "KK"</u>

On or about September 25, 2006, in the Southern District of New York, LOUINSKY MINIER, a/k/a "Jayshawn," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly attempted to murder and aided and abetted the attempted murder of Skeilin Camacho, a/k/a "KK," in the vicinity of 162nd Street and Broadway, New York, New York, in violation of New York Penal Law, Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of Camacho, CC-1, aided, abetted, and counseled by MINIER, engaged in conduct that tended to effect the commission of such murder.

c.   <u>November 23, 2006 Attempted Murder of Skeilin
     Camacho, a/k/a "KK"</u>

On or about November 23, 2006, in the

Southern District of New York, JONATHAN FELIZ, a/k/a "Sweet Pea,"

a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS,

a/k/a "Sco," the defendants, and others known and unknown,

unlawfully, intentionally, and knowingly attempted to murder and

aided and abetted the attempted murder of Skeilin Camacho, a/k/a

"KK," in the vicinity of 162nd Street and Broadway, New York, New

York, in violation of New York Penal Law, Sections 20.00, 110.00,

and 125.25, in that, with the intent to cause the death of

Camacho, FELIZ, MINIER, and RAMOS, and others known and unknown,

engaged in conduct that tended to effect the commission of such

murder, and aided and abetted the same.

<u>Racketeering Act Two: Murder of Roy Abreu</u>

9.   The defendant named below committed the following

act, which constitutes the commission of Racketeering Act Two:

a.   <u>Murder of Roy Abreu, a/k/a "Spider"</u>

On or about November 23, 2006, in the

Southern District of New York, LOUINSKY MINIER, a/k/a "Jayshawn,"

the defendant, and others known and unknown, unlawfully,

intentionally, and knowingly murdered and aided and abetted the

murder of Roy Abreu, a/k/a "Spider," in the vicinity of 162nd

Street and Broadway, New York, New York, in violation of New York

Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Abreu, MINIER caused the death of Roy Abreu.

<u>Racketeering Act Three: Conspiracy to Murder and Attempted Murders of Jimmy Lopez, a/k/a "Chuck"</u>

10.   The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Three:

   a.   <u>Conspiracy to Murder Jimmy Lopez, a/k/a "Chuck"</u>

In or about January 2009, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, unlawfully, willfully, and knowingly conspired to murder Jimmy Lopez, a/k/a "Chuck," in violation of New York Penal Law, Sections 105.15 and 125.25, in that, with the intent to cause the death of Lopez, FELIZ, SANTANA, and ALBERTO MONTILLA, the defendants, and others known and unknown, agreed together and with each other to engage in or cause the performance of such murder.

<u>Overt Acts</u>

   (i)   On or about January 18, 2009, ALBERTO MONTILLA shot at and attempted to kill Lopez in the vicinity of West 174th Street and Audubon Avenue, New York, New York.

(ii) On or about January 19, 2009, SANTANA and a co-conspirator not named as a defendant herein ("CC-4"), shot at and attempted to kill Lopez in the vicinity of West 174th Street and Audubon Avenue, New York, New York.

      b.  <u>January 18, 2009 Attempted Murder of Jimmy Lopez, a/k/a "Chuck"</u>

On or about January 18, 2009, in the Southern District of New York, ALBERTO MONTILLA, a/k/a "Clue," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly attempted to murder and aided and abetted the attempted murder of Jimmy Lopez, a/k/a "Chuck," in the vicinity of 174th Street and Audubon Avenue, New York, New York, in violation of New York Penal Law, Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of Lopez, ALBERTO MONTILLA, and others known and unknown, engaged in conduct that tended to effect the commission of such murder.

      c.  <u>January 19, 2009 Attempted Murder of Jimmy Lopez, a/k/a "Chuck"</u>

On or about January 19, 2009, in the Southern District of New York, RUDY SANTANA a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly attempted to murder and aided and abetted the attempted murder of Jimmy Lopez, a/k/a "Chuck," in the vicinity of 174th Street and Audubon Avenue, New York, New York, in violation of New York Penal Law,

10

Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of Lopez, SANTANA, ALBERTO MONTILLA, and others known and unknown, engaged in conduct that tended to effect the commission of such murder.

<u>Racketeering Act Four: Narcotics Trafficking Conspiracy</u>

11.   From at least in or about 2004 up to and including in or about 2009, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846.

12.   It was a part and an object of the conspiracy that JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

13.   The controlled substance involved in the offense was 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(B) of Title 21, United States Code.

(Title 18, United States Code, Sections 1961 and 1962(c).)

<u>COUNT TWO</u>

<u>THE RACKETEERING CONSPIRACY</u>

The Grand Jury further charges:

14.   Paragraphs 1 through 5 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15.   From at least in or about 2004, up to and including in or about 2009, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," SHAYNA ROSER, a/k/a "Snow White," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs 1 through 5 of Count One of this Indictment, to wit, the Washington Heights Marijuana Organization, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to

12

conduct and participate, directly and indirectly, in the conduct
of the affairs of that enterprise through a pattern of
racketeering activity involving multiple acts involving murder,
chargeable under the following provisions of state law:

New York Penal Law, Sections 20.00 and 125.25 (murder);

New York Penal Law, Sections 20.00, 110.00, and 125.25
(attempted murder);

New York Penal Law, Sections 105.15 and 125.25 (conspiracy
to murder);

and multiple acts involving the distribution of controlled
substances, including marijuana, in violation of the laws of the
United States, Title 21, United States Code, 812, 841(a)(1),
841(b)(1)(D), and 846, and Title 18, United States Code, Section
2.

16.   It was further a part of the conspiracy that each
defendant agreed that a conspirator would commit at least two
acts of racketeering in the conduct of the affairs of the
enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT THREE

### MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

17.   The Washington Heights Marijuana Organization, as
described in paragraphs 1 through 5 of Count One of this

Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.

18.   The Washington Heights Marijuana Organization, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(a) and 1959(b)(1), that is, acts involving murder, in violation of New York Penal Law, assault, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

19.   On or about November 23, 2006, in the Southern District of New York, LOUINSKY MINIER, a/k/a "Jayshawn," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing his position in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, intentionally, and knowingly murdered and aided and abetted the murder of Roy Abreu, in the vicinity of 162nd Street

14

and Broadway, New York, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT FOUR</u>

<u>CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

20.   Paragraphs 17 and 18 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.   From in or about 2006 up to and including in or about 2008, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing their positions in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, willfully, and knowingly conspired to murder Skeilin Camacho, a/k/a "KK," in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

15

## COUNT FIVE

## ASSAULT AND ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

22.   Paragraphs 17 and 18 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23.   On or about September 25, 2006, in the Southern District of New York, LOUINSKY MINIER, a/k/a "Jayshawn," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing his position in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, willfully, and knowingly assaulted an individual with a dangerous weapon, which resulted in serious bodily injury, attempted to murder an individual, and aided and abetted the same, to wit, MINIER directed another member of the WHMO, CC-1, to shoot at and attempt to kill Skeilin Camacho, a/k/a "KK," in the vicinity of 162nd Street and Broadway, New York, New York, in violation of New York Penal Law, Sections 120.05, 125.25, and 110.00, resulting in serious bodily injury to Camacho.

(Title 18, United States Code, Sections
1959(a)(3), 1959(a)(5), and 2.)

16

<u>COUNT SIX</u>

<u>ASSAULT AND ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

24.   Paragraphs 17 and 18 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

25.   On or about November 23, 2006, in the Southern District of New York, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing their positions in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, willfully, and knowingly assaulted an individual with a dangerous weapon, which resulted in serious bodily injury, attempted to murder an individual, and aided and abetted the same, to wit, MINIER, at the direction of FELIZ and aided and abetted by FELIZ and RAMOS, shot and attempted to kill Skeilin Camacho, a/k/a "KK," in the vicinity of 162nd Street and Broadway, New York, New York, in

violation of New York Penal Law, Sections 120.05, 125.25, and 110.00, resulting in serious bodily injury to Camacho.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

COUNT SEVEN

CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

26.   Paragraphs 17 and 18 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

27.   In or about 2009, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing their positions in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, willfully, and knowingly conspired to murder Jimmy Lopez, a/k/a "Chuck," in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT EIGHT

### ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

28. Paragraphs 17 and 18 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

29. On or about January 18, 2009, in the Southern District of New York, ALBERTO MONTILLA, a/k/a "Clue," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing his position in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, willfully, and knowingly attempted to murder an individual, and aided and abetted the same, to wit, ALBERTO MONTILLA shot and attempted to kill Jimmy Lopez, a/k/a "Chuck," in the vicinity of 174th Street and Audubon Avenue, New York, New York, in violation of New York Penal Law, Sections 125.25 and 110.00.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

19

<u>COUNT NINE</u>

<u>ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

30.   Paragraphs 17 and 18 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

31.   On or about January 19, 2009, in the Southern District of New York, RUDY SANTANA a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Washington Heights Marijuana Organization, and for the purpose of gaining entrance to and maintaining and increasing their positions in the WHMO, an enterprise engaged in racketeering activity, as described above, unlawfully, willfully, and knowingly attempted to murder an individual, and aided and abetted the same, to wit, SANTANA aided and abetted by ALBERTO MONTILLA, shot and attempted to kill Jimmy Lopez, a/k/a "Chuck," in the vicinity of 174th Street and Audubon Avenue, New York, New York, in violation of New York Penal Law, Sections 125.25 and 110.00.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

COUNT TEN

NARCOTICS CONSPIRACY

32.   From in or about 2004, up to and including in or about 2009, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," JUAN PARADAS, a/k/a "Borracho," a/k/a "Borrachito," a/k/a "Johnny," JASMINE TORO, a/k/a "Jazzy," GIL GARRIS, a/k/a "Spec," RUDY SANTANA, a/k/a "Gordo," MARCO RODRIGUEZ, a/k/a "Black," ALBERTO MONTILLA, a/k/a "Clue," JONAS COLON, a/k/a "Shooter," HUBERT RODRIGUEZ, a/k/a "Biyego," a/k/a "BG," YASHUA TORRES, a/k/a "Jiggy," a/k/a "Jiggety," a/k/a "Jigga," EDWIN ESPINAL, a/k/a "Nerd," JONATHAN DANIEL NARVAES, a/k/a "JD," GABRIEL ABREU, a/k/a "Weezy," JOHASSON GOMEZ CHONG, a/k/a "Skinny," JOSE RODRIGUEZ, a/k/a "Jay Jay," JOREL AGUIRRE, MARVIN LOPEZ, a/k/a "Joker," WILLIAM PEREZ, a/k/a "Rico," ALDO PEREZ, KERVIN JAQUEZ, a/k/a "Kurve," ELVIN SARITA, a/k/a "Dre," KELVIN COMPRES, JORDAN PENA, EDDY PENA, a/k/a "Eddie Jones," and ARCHI GUZMAN, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

33.   It was a part and an object of the conspiracy that JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," Louinsky

21

Minier, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," JUAN

PARADAS, a/k/a "Borracho," a/k/a "Borrachito," a/k/a "Johnny,"

JASMINE TORO, a/k/a "Jazzy," GIL GARRIS, a/k/a "Spec," RUDY

SANTANA, a/k/a "Gordo," MARCO RODRIGUEZ, a/k/a "Black," ALBERTO

MONTILLA, a/k/a "Clue," JONAS COLON, a/k/a "Shooter," HUBERT

RODRIGUEZ, a/k/a "Biyego," a/k/a "BG," YASHUA TORRES, a/k/a

"Jiggy," a/k/a "Jiggety," a/k/a "Jigga," EDWIN ESPINAL, a/k/a

"Nerd," JONATHAN DANIEL NARVAES, a/k/a "JD," GABRIEL ABREU, a/k/a

"Weezy," JOHASSON GOMEZ CHONG, a/k/a "Skinny," JOSE RODRIGUEZ,

a/k/a "Jay Jay," JOREL AGUIRRE, MARVIN LOPEZ, a/k/a "Joker,"

WILLIAM PEREZ, a/k/a "Rico," ALDO PEREZ, KERVIN JAQUEZ, a/k/a

"Kurve," ELVIN SARITA, a/k/a "Dre," KELVIN COMPRES, JORDAN PENA,

and EDDY PENA, a/k/a "Eddie Jones," the defendants, and others

known and unknown, would and did distribute and possess with

intent to distribute a controlled substance, to wit, 100

kilograms and more of mixtures and substances containing a

detectable amount of marijuana, in violation of Sections 812,

841(a)(1), and 841(b)(1)(B) of Title 21, United States Code.

34. It was further a part and an object of the

conspiracy that JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop,"

AMANTINO RAMOS, a/k/a "Sco," ELVIN SARITA, a/k/a "Dre," and ARCHI

GUZMAN, the defendants, and others known and unknown, would and

did distribute and possess with intent to distribute a controlled

substance, to wit, more than one thousand pills containing a

detectable amount of 3, 4-methylenedioxyamphetamine ("MDA"),
referred to by the defendants as "vitamins," or "pills," or by
certain brand names, in violation of Sections 812, 841(a)(1), and
841(b)(1)(C) of Title 21, United States Code.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

35.   The drug trafficking activities of the Washington
Heights Marijuana Organization were conducted as follows:

a.   The WHMO organization and its associates
controlled sales of marijuana on at least four blocks in the
Washington Heights neighborhood of Manhattan.  Marijuana was sold
in $10 quantities, $20 quantities, as well as half-ounces,
ounces, half-pounds, and pounds, among other quantities.  Members
of the WHMO and their associates also sold MDA and Ecstasy pills
to customers on request, which they referred to as "vitamins," or
"pills," as well as by certain brand names, including "Dolphins,"
and "Lady Gs."  Certain members and associates of the WHMO also
sold quantities of cocaine and crack cocaine to their customers
upon request.

b.   From at least in or about 2004, up to and
including in or about 2009, WHMO members and their associates
sold more than 100 kilograms of marijuana.  For example, in
February 2009, members and associates of the Enterprise sold
approximately half a pound of marijuana to customers every day or
two on just one of the blocks controlled by the WHMO.  Also in

February 2009, the Enterprise received a shipment from a supplier in Florida of fifty pounds of marijuana.

      c.   Narcotics trafficking personnel on each block included "pitchers" who conducted hand-to-hand sales of drugs to customers in exchange for cash, and "managers" who collected money from pitchers, resupplied them with narcotics to sell to customers, and provided the narcotics proceeds to the leaders of the Enterprise. The leaders of the WHMO controlled the overall drug trafficking operation and purchased narcotics from outside suppliers. All members of the WHMO were involved at times in policing the Enterprise's exclusive drug-dealing "turf."

      d.   While each block controlled by the WHMO operated as an individual market for narcotics, workers from each block also collaborated in the sale of narcotics as follows: (i) managers from different blocks frequently shared apartments in which to store narcotics; (ii) pitchers and managers sometimes moved to work on different blocks; and (iii) pitchers, managers, and leaders worked together to retaliate against outside individuals who threatened the area controlled by the WHMO, its members, and associates.

      e.   Many members and associates of the WHMO were also members of a violent street gang called the "Trinitarios," comprised of individuals of Dominican descent. From late 2008 through in or about March 2009, JONATHAN FELIZ, a/k/a "Sweet

Pea," a/k/a "Snoop," was the leader of the Trinitarios gang in New York, New York.

f.    Members of the Trinitarios gang and the WHMO, including JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," the defendant, also routinely arranged for narcotics to be smuggled into correctional facilities around New York State for delivery to inmates who were members of the Trinitarios gang, including FELIZ's half-brother LOUINSKY MINIER, a/k/a "Jayshawn," the defendant.

(Title 21, United States Code, Section 846.)

## COUNT ELEVEN

### NARCOTICS OFFENSES

The Grand Jury further charges:

36.   On or about July 25, 2007, in the Southern District of New York, MARVIN LOPEZ, a/k/a "Joker," and KERVIN JAQUEZ, a/k/a "Kurve," the defendants, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18, United States Code, Section 2.)

## COUNT TWELVE

The Grand Jury further charges:

37.   On or about August 21, 2007, in the Southern District of New York, MARVIN LOPEZ, a/k/a "Joker," the defendant,

25

unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18, United States Code, Section 2.)

<u>COUNT THIRTEEN</u>

The Grand Jury further charges:

38.  On or about August 28, 2007, in the Southern District of New York, MARVIN LOPEZ, a/k/a "Joker," the defendant, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B); Title 18, United States Code, Section 2.)

<u>COUNT FOURTEEN</u>

The Grand Jury further charges:

39.  On or about September 5, 2007, in the Southern District of New York, MARVIN LOPEZ, a/k/a "Joker," the defendant, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a

detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B); Title 18, United States Code, Section 2.)

<u>COUNT FIFTEEN</u>

The Grand Jury further charges:

40.   On or about November 8, 2007, in the Southern District of New York, FERNANDO FELIZ, and MARLON FELIZ, the defendants, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18, United States Code, Section 2.)

<u>COUNT SIXTEEN</u>

The Grand Jury further charges:

41.   On or about January 8, 2008, in the Southern District of New York, WILLIAM PEREZ, a/k/a "Rico," the defendant, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); Title 18, United States Code, Section 2.)

## COUNT SEVENTEEN

The Grand Jury further charges:

42.  In or about November 2008, in the Southern District of New York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

43.  It was a part and an object of the conspiracy that JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

44.  The controlled substance involved in the offense was 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT EIGHTEEN

### FIREARMS OFFENSES

The Grand Jury further charges:

45.  In or about September 2006, in the Southern District of New York, LOUINSKY MINIER, a/k/a "Jayshawn," the

28

defendant, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Five of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including a handgun that was discharged at a victim on or about September 25, 2006.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), and 2.)

## COUNT NINETEEN

The Grand Jury further charges:

46.  In or about November 2006, in the Southern District of New York, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," and AMANTINO RAMOS, a/k/a "Sco," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Six of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and

29

possession of firearms, including two handguns that were
discharged at two victims on or about November 23, 2006.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY

The Grand Jury further charges:

47.   In or about 2009, in the Southern District of New
York and elsewhere, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a
"Snoop," and others known and unknown, unlawfully, willfully, and
knowingly, during and in relation to a crime of violence for
which he may be prosecuted in a court of the United States,
namely, the conspiracy to murder in aid of racketeering charged
in Count Seven of this Indictment, did use and carry firearms,
and, in furtherance of such crime, did possess firearms, and did
aid and abet the use, carrying, and possession of firearms,
including handguns that were discharged at victims in or about
January 2009.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-ONE

The Grand Jury further charges:

48.   In or about January 2009, in the Southern District
of New York, ALBERTO MONTILLA, a/k/a "Clue," and others known and
unknown, unlawfully, willfully, and knowingly, during and in
relation to a crime of violence for which he may be prosecuted in

a court of the United States, namely, the attempted murder in aid of racketeering charged in Count Eight of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including a handgun that was discharged at a victim on or about January 18, 2009.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

COUNT TWENTY-TWO

The Grand Jury further charges:

49.   In or about January 2009, in the Southern District of New York, RUDY SANTANA, a/k/a "Gordo," ALBERTO MONTILLA, a/k/a "Clue," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted murder in aid of racketeering charged in Count Nine of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including a handgun that was discharged at a victim on or about January 19, 2009.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

31

## COUNT TWENTY-THREE

The Grand Jury further charges:

50.   In or about January 2009, in the Southern District of New York, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics trafficking offense charged in Count Ten of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including a Smith & Wesson .357 Magnum revolver; two Taurus 9-millimeter handguns; a Smith and Wesson 9-millimeter handgun; and an H&R .32 caliber revolver.

(Title 18, United States Code, Sections
924(c)(1)(A)(i), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-FOUR

The Grand Jury further charges:

51.   On or about November 23, 2006, in the Southern District of New York, LOUINSKY MINIER, a/k/a "Jayshawn," the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in Count Ten of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a

firearm, and did aid and abet the use, carrying, and possession
of a firearm, and in the course of that crime did cause the death
of a person through the use of a firearm, which killing is murder
as defined in Title 18, United States Code, Section 1111(a), to
wit, MINIER caused the death of Roy Abreu, a/k/a "Spider," by
discharging a firearm at Abreu, and aiding and abetting the same,
in the vicinity of 162nd Street and Broadway, New York, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### SPECIAL FINDINGS AS TO LOUINSKY MINIER

52.  Counts Three and Twenty-Four of the Indictment are
re-alleged and incorporated by reference as though fully set
forth herein. As to Count Three of the Indictment, alleging the
murder of Roy Abreu in aid of racketeering, and Count Twenty-Four
of the Indictment, alleging the murder of Roy Abreu in connection
with a crime of violence, the defendant LOUINSKY MINIER, a/k/a
"Jayshawn":

a.    was 18 years of age or older at the time of
the offense;

b.    intentionally killed Roy Abreu (Title 18,
United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury
that resulted in the death of Roy Abreu (Title 18, United States
Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Roy Abreu died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Roy Abreu died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    has previously been convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm against another person; and

g.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

53.    The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the

purpose of alleging forfeiture pursuant to the provisions of
Title 18, United States Code, Section 1963 and Title 28, United
States Code, Section 2461(c). Pursuant to Rule 32.2, Fed. R.
Crim. P., notice is hereby given to the defendants that the
United States will seek forfeiture as part of any sentence in
accordance with Title 18, United States Code, Section 1963 in the
event of any defendant's conviction under Counts One and Two of
this Indictment.

   54.   JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop,"
LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco,"
SHAYNA ROSER, a/k/a "Snow White," RUDY SANTANA, a/k/a "Gordo,"
and ALBERTO MONTILLA, a/k/a "Clue," the defendants:

   a.   have acquired and maintained interests in
violation of Title 18, United States Code, Section 1962, which
interests are subject to forfeiture to the United States pursuant
to Title 18, United States Code, Section 1963(a)(1);

   b.   have property constituting and derived from
proceeds obtained, directly, and indirectly, from the aforesaid
racketeering activity, in violation of Title 18, United States
Code, Section 1962, which property is subject to forfeiture to
the United States pursuant to Title 18, United States Code,
Section 1963(a)(3).

   55.   The interests of the defendants subject to
forfeiture to the United States pursuant to Title 18, United

States Code, Section 1963 (a) (1), and (3), include but are not limited to:

       a.   at least $1 million, which represents the gross proceeds received by the defendants pursuant to their racketeering activities as alleged in Counts One and Two during the relevant time period alleged in the Indictment and all interests and proceeds traceable thereto.

      56.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

       a.   cannot be located upon the exercise of due diligence;

       b.   has been transferred or sold to, or deposited with, a third person;

       c.   has been placed beyond the jurisdiction of the Court;

       d.   has been substantially diminished in value; or

       e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

36

57.   The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

<u>FORFEITURE ALLEGATION AS TO COUNTS TEN THROUGH SEVENTEEN</u>

58.   As a result of committing the controlled substance offenses alleged in Counts Ten through Seventeen of this Indictment, JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," JUAN PARADAS, a/k/a "Borracho," a/k/a "Borrachito," a/k/a "Johnny," JASMINE TORO, a/k/a "Jazzy," GIL GARRIS, a/k/a "Spec," RUDY SANTANA, a/k/a "Gordo," MARCO RODRIGUEZ, a/k/a "Black," ALBERTO MONTILLA, a/k/a "Clue," JONAS COLON, a/k/a "Shooter," HUBERT RODRIGUEZ, a/k/a "Biyego," a/k/a "BG," YASHUA TORRES, a/k/a "Jiggy," a/k/a "Jiggety," a/k/a "Jigga," EDWIN ESPINAL, a/k/a "Nerd," JONATHAN DANIEL NARVAES, a/k/a "JD," GABRIEL ABREU, a/k/a "Weezy," JOHASSON GOMEZ CHONG, a/k/a "Skinny," JOSE RODRIGUEZ, a/k/a "Jay Jay," JOREL AGUIRRE, MARVIN LOPEZ, a/k/a "Joker," WILLIAM PEREZ, a/k/a "Rico," ALDO PEREZ, KERVIN JAQUEZ, a/k/a "Kurve," ELVIN SARITA, a/k/a "Dre," KELVIN COMPRES, JORDAN PENA, EDDY PENA, a/k/a "Eddie Jones," ARCHI GUZMAN, FERNANDO FELIZ, and MARLON FELIZ, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants

obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count Ten through Seventeen of this Indictment, including but not limited to, the following:

a.   A sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Counts Ten through Seventeen of the Indictment.

<u>Substitute Asset Provision</u>

59.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)


_____
FOREPERSON


_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JONATHAN FELIZ, a/k/a "Sweet Pea," a/k/a "Snoop," LOUINSKY MINIER, a/k/a "Jayshawn," AMANTINO RAMOS, a/k/a "Sco," SHAYNA ROSER, a/k/a "Snow White," JUAN PARADAS, a/k/a "Borracho," a/k/a "Borrachito," a/k/a "Johnny," JASMINE TORO, a/k/a "Jazzy," GIL GARRIS, a/k/a "Spec," RUDY SANTANA, a/k/a "Gordo," MARCO RODRIGUEZ, a/k/a "Black," ALBERTO MONTILLA, a/k/a "Clue," JONAS COLON, a/k/a "Shooter," HUBERT RODRIGUEZ, a/k/a "Biyego," a/k/a "BG," YASHUA TORRES, a/k/a "Jiggy," a/k/a "Jiggety," a/k/a "Jigga," EDWIN ESPINAL, a/k/a "Nerd," JONATHAN DANIEL NARVAES, a/k/a "JD," GABRIEL ABREU, a/k/a "Weezy," JOHASSON GOMEZ CHONG, a/k/a "Skinny," JOSE RODRIGUEZ, a/k/a "Jay Jay," JOREL AGUIRRE, MARVIN LOPEZ, a/k/a "Joker," WILLIAM PEREZ, a/k/a "Rico," ALDO PEREZ, KERVIN JAQUEZ, a/k/a "Kurve," ELVIN SARITA, a/k/a "Dre," KELVIN COMPRES, JORDAN PENA, EDDY PENA, a/k/a "Eddie Jones," ARCHI GUZMAN, FERNANDO FELIZ, and MARLON FELIZ,

Defendants.

SUPERSEDING
INDICTMENT

S10 09 Cr. 195 (GBD)

(18 U.S.C. §§ 2, 1959, 1961, 1962, and 924(c); and 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson