UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

        v.                                                      NO. S11 09 Cr. 195 (GBD)

JONATHAN FELIZ,

        Defendant.

-----------------------------------------------------------x

## SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT JONATHAN FELIZ

                                              Christopher J. Gunther
                                              SKADDEN, ARPS, SLATE
                                               MEAGHER & FLOM LLP
                                              Four Times Square
                                              New York, New York 10036-6522

                                              *Attorneys for Defendant*
                                              *Jonathan Feliz*

## INTRODUCTION

In connection with his sentencing scheduled for February 14, 2013, Defendant Jonathan Feliz respectfully submits this memorandum and the accompanying collection of four supporting letters to the Court.

Mr. Feliz pleaded guilty to both counts of a superseding information charging: (i) using and carrying firearms in connection with a narcotics trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; and (ii) aiding and abetting the use and carrying of firearms that were discharged in connection with a racketeering act (conspiracy to murder), in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. The combined effect of the two gun-related offenses is that Mr. Feliz faces a statutory minimum sentence of imprisonment for 30 years. We have no disagreements with the Guidelines calculations in the Presentence Report ("PSR"), which are consistent with sentencing range of 262 – 327 months set out in the plea agreement. We respectfully submit that the statutory minimum of 360 months is the appropriate sentence.

## BACKGROUND

I.  Procedural Background

Mr. Feliz was arrested on March 10, 2009, and has been incarcerated since then. He was named in a multi-defendant racketeering case, which was the subject of numerous superseding indictments. On May 24, 2012, pursuant to a plea agreement, he waived further indictment and pleaded guilty before Your Honor to a superseding information containing the charges described above.

1

II.     Personal Background

Mr. Feliz is 31 years old. He never knew his father. His mother served a significant federal sentence for narcotics trafficking and was deported from the United States. As his aunt has written to the Court, Mr. Feliz "grew up without a father figure and was abandoned by his mother at a very young age." (*See* annexed letter of Altagracia Montilla.) Mr. Feliz was raised by his grandmother in impoverished circumstances. Beginning in his early teens, Mr. Feliz began to run afoul of the law and spent periods in juvenile detention facilities. His dropped out of school in the ninth grade. His subsequent history with the criminal justice system in detailed in the PSR.

Mr. Feliz has four children. Three of the children are from a previous relationship and reside with their mother. For five years, Mr. Feliz has been in a committed relationship with his wife, Stephanie Feliz. They have a three-year-old daughter, whom Stephanie Feliz is raising alone while pursuing her undergraduate degree. As one family friend has observed during a recent visit, "seeing [him] with his daughter and his wife you saw a changed man, a man that has learned his lesson and just wants to be with his family." (*See* annexed letter of Katherine Horton.) As his cousin has written, Mr. Feliz "would always say that his dream was to give his kids the love and affection he never received as a child." (*See* annexed letter of Miguel Brito.)

In her own letter to the Court, Stephanie Feliz describes her "heartbreaking" observations regarding Mr. Feliz's close relationship with his young daughter and the challenges presented by his incarceration. (*See* annexed letter of Stephanie Feliz.) She requests "a sentence that will enable him to come home at the soonest possible date and allow him to be an active and productive member of my family." (*Id.*)

2

## **ARGUMENT**

We respectfully urge the Court to consider a sentence of imprisonment to the statutory minimum of 360 months. Such a sentence would constitute very serious punishment that fully recognizes the seriousness of the offense conduct. At the same time, the sentence would allow Mr. Feliz hope of rejoining his family in time to spend a portion of his adult years with them.

A.   <u>Guidelines Calculation</u>

We agree with the Guideline calculation contained plea agreement and the PSR. In the absence of the statutory minimum, the Guidelines range would be 262 – 327 months.

B.   <u>A Sentence Above the Statutory Minimum is Not Necessary Under 18 U.S.C. § 3553(a)</u>

In sentencing a defendant, the Court "shall impose a sentence sufficient, but not greater than necessary" to comply with the sentencing goals set forth in section 3553(a). 18 U.S.C. § 3553(a). Those goals reflect the need to consider not only the nature of the offense itself and the individual defendant, but also the general need for the sentence imposed. Specifically, the Court shall consider, among other factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; ...
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

*Id.*

Mr. Feliz was raised under extraordinarily difficult circumstances. He had no parental involvement. He was impoverished and did not have the benefit of significant education. In recent years, he has tried to establish a loving family home, but his history of criminal activity has caught up with him and separated him from his wife and children. To his great regret, he has caused a separation that will prevent his dream of establishing the type of home relationship for his children that he never had himself.

Mr. Feliz accepted responsibility for his misconduct and resolved this case through a guilty plea. With the statutory minimum sentence, it will be decades before Mr. Feliz can begin the process of re-establishing his family ties in a loving home.

At age 31, he will be well into his fifties before reaching eligibility for release. As the Sentencing Commission has recognized, rates of recidivism decline significantly for offenders in their fifties. No one would deny that 360 months is very significant punishment. A sentence at that level exceeds the upper bound of the agreed-upon Guidelines range  Only the most exceptional aggravating circumstances would counsel going above the statutory minimum in this case. No such circumstances exist. In short, it is not "necessary" under the section 3553(a) to go beyond the 30-year statutory minimum.

## CONCLUSION

For the forgoing reasons, we respectfully request that the Court sentence Mr. Feliz to the statutory minimum period of incarceration.

Dated: February 8, 2013
      New York, New York

                                           Respectfully submitted,

                                           /s/ Christopher J. Gunther
                                           Christopher J. Gunther
                                           Skadden, Arps, Slate, Meagher & Flom LLP
                                           4 Times Square
                                           New York, New York 10036
                                           (212) 735-3000
                                           Christopher.Gunther@skadden.com

                                           *Attorneys for Defendant*
                                            *Jonathan Feliz*

*Supporting Letters are Attached*

5

To the Attention of:
Hon. George B. Daniels
United States District Judge
Southern District of New York
New York, NY 10007

Dear Judge Daniels,

    Hello, my name is Stephanie Feliz. I am writing in regards to my husband, Jonathan Feliz. He and I have been in a committed relationship for five years and he is an extremely crucial part of my life. We have a beautiful daughter together; Amiera Jada Feliz who, having been born in June of 2009 will be three years old at the time of his father's sentencing. Amiera's father has been incarcerated in the Metropolitan Correctional Center since March 10, 2009.

    It has been very difficult for me to cope with Jonathan's incarceration. Especially at the time in which, he entered the justice system. Jonathan was taken from our household when I was five months along in my pregnancy with our first child. It was heartbreaking for me to have the father of my child unable to be there with me through my pregnancy, and unable to witness the birth of our daughter. Not to mention how difficult it is for me as a new mother to manage living alone with a toddler. It continues to be a struggle for me, every day that Jonathan is not at home with me helping to take care of our daughter. His incarceration faces me with the challenge of maintaining a household independently, while pursuing a bachelor's degrees and also raising our daughter as a single mother.

    I do not believe that I should be raising my daughter as a single mother, because I am not one. I am in a loving, committed relationship with my husband. Although my daughter is able to see her father one times a week, for one hour at a time. Every week, when Amiera sees her father walk into the visiting room, her little eyes light up and is completely enamored by him. It melts my heart to see how both father and daughter react when they are able to hug on another and show how much they need each other in their lives. The way my daughter looks at her father and the way that Jonathan responds to his daughter is heartbreaking. One hour a week does not suffice any child's need to be raised by her father. I am blessed to have a good, loving, and supportive man in my life and a wonderful loving father for my daughter. He supports me mentally and I am grateful for that because he pushes me to succeed in life. And it would be a great lose for our family to be without the man who keeps us together.

I am writing this letter pleading with your Honor to hand down to my husband, a sentence that will enable him to come home at the soonest possible date and allow him be an active and productive member of my family.

Thank you for taking the time to read this letter. I greatly appreciate your Honor's consideration of our daughter Amiera J. Feliz when determining an appropriate sentence for her father.

Sincerely,

Stephanie Feliz

To the Attention of:
Hon. George B. Daniels
United States District Judge
Southern District of New York
New York, NY 10007

Dear Judge Daniels,

    My name is Katherine Horton; I have known Jonathan Feliz for a couple of years. He's the husband of my best friend. I honestly believe he is a good person and his time should be reduced for the simple fact he has a wonderful family to be with. You ask me why? When I recently went to visit him seeing with his daughter and wife you saw a changed man, a man that has learned his lesson and just wants to be with his family.

    Deep down he has nothing but kindness towards the people he loves and doing years will just devastate him even more. His family misses him. Once he is released of course many privileges would be taken away but being with his precious family and the ones that truly love him would be cherished. Overall being in prison can change you for the better or for the worse, but Jonathan Feliz has and will change for the better especially if his time is reduced. And the trial comes to end.

Sincerely,

*Katherine Horton*

Katherine Horton

January 5, 2013

Honorable Daniels
Federal Court Building
NY, NY

Dear Honorable Daniels,

My nephew, Jonathan Feliz was arrested on March 9, 2009 docket number 62068054 and is scheduled for a hearing on January 29, 2013 at 10:00am at the Federal Court Building in Manhattan.

I am writing this letter to validate my nephew's overall character and to plead your Honor to consider his past when making your final decision.

Jonathan grew up without a father figure and was abandoned by his mother at a very young age. Jonathan could benefit from intensive therapy and if given the opportunity, would become a model citizen. He wants to help others in giving them hope in community organizations.

Would your Honor consider his parole in service in a community center/organization with mandatory ongoing counseling verses sending him to jail and not having the opportunity to give back and help others. He needs rehabilitation and has wife and four children who he supports.

There are several gang related organizations out there that help people just like my nephew. Please help my family save my nephew and let him be a part of a positive change. He is a loved by all of us and we are there to support him. Thank you for your time and consideration.

Sincerely,

Altagracia I. Montilla

To the Attention of:
Hon. George B. Daniels
United States District Judge
Southern District of New York
New York, NY 10007

**Dear Judge Daniels,**

    This letter is in reference to the judgment on Jonathan Feliz. I will like to state that although he is currently being indicted for a serious offense, Jonathan is not the man that the media has depictured him to be. Jonathan and I are cousins who grew up very close and even though we chose different paths we remained very close. Throughout his childhood, Jonathan grew up without the love and support of a father and was neglected the luxuries that most kids have. As a child Jonathan endured a lot of hard ship and became a victim of negligence. Despite his hardships and lack of love Jonathan remained a loving cousin, brother, grandson and nephew to all of us who always loved and cared for him dearly. As a man Jonathan started a family and now has four beautiful kids who love him dearly. Once a family man I noticed that Jonathan became very responsible and caring for his children. He was always involved in their studies and made sure to always be there in family gatherings. Jonathan would always say that his dream was to give his kids the love and affection he never received as a child. He wanted to ensure that his kids had a better upbringing than he did and his efforts were always very clear. I will like to add that Jonathan Feliz is an individual who is a victim of an unbalanced youth and the misdirection of his environment. More so Jonathan is a caring, loving, husband, father, brother, cousin and grandson; his children need him and miss him now more than ever, I pray that Jonathan can live his dream of raising his kids with the love and support of their father . I hope this letter will help in the consideration of giving Jonathan the opportunity to be reunited with his family.

Sincerely,

Miguel A. Brito